IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JULIO RAMOS,

   Petitioner,

v.             CIVIL ACTION NO.: CV212-044

ANTHONY HAYNES, Warden,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Julio Ramos ("Ramos"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Ramos filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Following a jury trial in the Southern District of Texas, Ramos was convicted of conspiracy to possess with intent to deliver in excess of five kilograms of cocaine and in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. (Doc. No. 9, p. 2). He was also convicted of possession with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2. (Id.). Ramos was sentenced to 405 months' imprisonment. (Id.). Ramos appealed his conviction and sentence, and the Eleventh

Circuit Court of Appeals affirmed. (Id.) (citing United States v. Ramos, 71 F. App'x 334 (5th Cir. 2003)). Ramos filed an unsuccessful motion pursuant to 28 U.S.C. § 2255 in 2004. (Id.).

In the instant petition, Ramos seeks relief under § 2241 based on alleged violations of the extradition treaty between the United States and the Dominican Republic. He argues that his sentence exceeds the maximum allowable for his crimes in the Dominican Republic. (Doc. No. 1, p. 4). Additionally, Ramos argues that because conspiracy is not a crime in the Dominican Republic, he could not be convicted of conspiracy under United States law. (Doc. No. 5-1, pp. 1–2). Respondent contends that Ramos' petition should be dismissed because his claims are not appropriate claims to be brought under § 2241. Ramos avers that § 2241 provides the exclusive remedy for his claims.

## DISCUSSION AND CITATION OF AUTHORITY

Generally, a motion to vacate, set aside, or correct a sentence filed in the court of conviction pursuant to 28 U.S.C. § 2255 is the proper method to be used by a prisoner seeking to collaterally attack the validity of his conviction or sentence. Darby v. Hawk-Sawyer, 405 F.3d 942, 944–45 (11th Cir. 2005) (citation omitted); 28 U.S.C. § 2255(a). Conversely, a § 2241 petition is appropriate for claims concerning the execution of a sentence. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008). After filing an unsuccessful § 2255 motion, a prisoner may file successive § 2255 motions only with permission from the appropriate court of appeals and only in the narrow circumstances prescribed by § 2255(h). A prisoner may not file a § 2241

habeas petition in an attempt to circumvent the ban on successive § 2255 motions. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).

However, when a motion filed under § 2255 would be "inadequate or ineffective to test the legality of his detention," a prisoner may file a habeas petition under § 2241. 28 U.S.C. § 2255(e). A motion under § 2255 is "inadequate or ineffective" as to a prisoner's claim, thus triggering the availability of § 2241, "when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Wofford, 177 F.3d at 1244. The petitioner has the burden of producing evidence showing the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006) (citation omitted).

Ramos' claims, that his conviction and sentence violate the extradition treaty between the United States and the Dominican Republic, are an attack on the validity of his conviction and sentence. Therefore, his claims fall within the ambit of § 2255, and in order to file a § 2241 petition, Ramos' claims must fall within the savings clause of § 2255(e). Ramos fails to identify a new, retroactively applicable Supreme Court decision that establishes that he was convicted for a nonexistent offense or that he was foreclosed from raising these claims in his previously-filed § 2255 motion. Without meeting the Wofford test, Ramos' claims do not fall within the savings clause of § 2255(e); therefore, he cannot bring them under § 2241.

AO 72A
(Rev. 8/82)

Ramos argues that the merits of his petition should be considered because § 2241 "is the exclusive remedy in which a foreigner can raise a treaty claim." (Doc. No. 12, p. 3). In support of this assertion, Ramos cites Darby, wherein the Eleventh Circuit recognized that the text of § 2255 does not reference treaty violations. Ramos contends that although the court, in Darby, did not answer the question of whether § 2241 provides an exclusive remedy for treaty violations, it "assumed that it does[.]" (Id.). Ramos' interpretation of Darby is misguided.

In Darby, the Eleventh Circuit determined that it did not need to decide whether § 2241 provides an exclusive remedy for treaty violations because even if § 2241 did provide an exclusive remedy, thus allowing Darby to properly bring his claim pursuant to § 2241, Darby's claim would still fail. Darby, 405 F.3d at 945–46. The court did not assume that § 2241 provides an exclusive remedy for treaty violations. In fact, the crux of the Eleventh Circuit's opinion in Darby was that Darby's claim, that his conviction was in violation of a treaty, should have been brought pursuant to a § 2255 motion. Id. at 944–45. Likewise, Ramos' claims, that his conviction and sentence are in violation of a treaty, should have been brought pursuant to a § 2255 motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and that Ramos' § 2241 petition be **DISMISSED**.

SO REPORTED and RECOMMENDED, this 26th day of April, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4