IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JULIO RAMOS,

    Petitioner,

v.

    CIVIL ACTION NO.: CV212-044

ANTHONY HAYNES, Warden,

    Respondent.

## ORDER

Petitioner Julio Ramos ("Ramos") filed Objections to the Magistrate Judge's Report dated April 26, 2012, which recommended that Ramos' 28 U.S.C. § 2241 petition be dismissed. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

In his Objections, Ramos again asserts that § 2241 provides the exclusive remedy for a person who is not a citizen to bring a treaty claim. In support of this assertion Ramos cites <u>Rasul v. Bush</u>, 542 U.S. 466, 473 (2004), which he says states, "Section 2241 broady [sic] confers jurisdiction action by any person who claims to be held 'in custody in violation of the Constitution or treaties of the United States'." (Doc. No. 15, pp. 1–2). As the Magistrate Judge explained, a § 2241 petition is appropriate for claims concerning the execution of a sentence. <u>Antonelli v. Warden, U.S.P. Atlanta</u>, 542 F.3d 1348, 1351–52 (11th Cir. 2008). Ramos' claims, that his conviction and sentence violate the extradition treaty between the United States and the Dominican Republic, do not concern the execution of his sentence. Instead, Ramos' claims attack the validity of his conviction and sentence. Such claims are more appropriately brought

in a motion to vacate, set aside, or correct a sentence filed in the court of conviction pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(a); Darby v. Hawk-Sawyer, 405 F.3d 942, 944–45 (11th Cir. 2005).

Next, Ramos avers that Rasul overruled Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). This is simply inaccurate.

Ramos' third Objection states that the Report "conveniently overlooks" his sworn statement wherein he says that "the trial court informed him on the record 'the court of appeals never reads the record and certainly are not going to delve into the presentence investigation report[.]'" (Doc. No. 15, p. 2). The Magistrate Judge's Report correctly omitted discussion of Ramos' assertion because it was irrelevant to the recommendation of dismissal.

Ramos next argues that the Magistrate Judge misconstrued the holding in Darby. Ramos asserts that "[a]ny fair reading of Darby succinctly shows that the Eleventh Circuit assumed without deciding that § 2241 provides the exclusive remedy based on its inclusion language referencing treaty which is devoid in § 2255." (Doc. No. 15, p. 2). In Darby the petitioner filed a § 2241 petition alleging that his conviction was in violation of a treaty. Darby, 405 F.3d at 944. The Court of Appeals for the Eleventh Circuit stated, "Darby's § 2241 petition was an attempt to circumvent the [Antiterrorism and Effective Death Penalty Act's] restrictions on successive § 2255 motions. . . . Even if Darby's § 2241 petition was not an attempt to circumvent the AEDPA, the district court did not err in dismissing the petition because Darby cannot meet the three-part Wofford test to 'open a portal' to a § 2241 proceeding." Id. at 945. The court neither assumed nor implied that § 2241 was the "exclusive remedy" for Darby's claim challenging his

AO 72A
(Rev. 8/82)

conviction—importantly the court held that § 2241 was an improper avenue for Darby to bring his claim. Likewise, § 2241 is an improper avenue for Ramos to bring his claims challenging his conviction and sentence.

Ramos' fifth Objection again asserts that Rasul permits this Court to entertain his petition. As previously discussed, Ramos' assertion is incorrect.

Ramos' sixth Objection argues that "Congress unequivocally intended that § 2241 is the exclusive remedy for a foreigner like Ramos who claims that he's being held in violation of a treaty" because the language of § 2241 specifically mentions treaties while the language of § 2255 does not. (Doc. No. 15, p. 3). Ramos cites Noriega v. Pastrana, 564 F.3d 1290 (11th Cir. 2009), as an example of a treaty claim brought in a § 2241 petition and reviewed on the merits. In Noriega, the Eleventh Circuit specifically stated that "because Noriega was not challenging his sentence, § 2255 did not apply." Id. at 1293. Unlike Noriega, Ramos is challenging his conviction and sentence; therefore, § 2255 does apply, and his claim is appropriately brought pursuant to § 2255.

Ramos' Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Ramos' 28 U.S.C. § 2241 petition is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

SO ORDERED, this 15 day of May, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3

<mark>AO 72A
(Rev. 8/82)</mark>